UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY LAMONT RADLEY         ]
    Petitioner,         ]
                            ]
v.                          ]   No. 3:08-0713
                            ]   Judge Campbell
DAVID MILLS, WARDEN         ]
    Respondent.         ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Mills, Warden of the facility, seeking a writ of habeas corpus.

On December 4, 2002, a jury in Davidson County found the petitioner guilty of second degree murder. For this crime, he received a sentence of twenty five (25) years in prison. Docket Entry No. 1 at pg. 2. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 16-1; Appendix A. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 16-2; Appendix B.

A *pro se* petition for post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 1 at pg. 4. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* On appeal, the denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals. Docket Entry No. 16-3; Appendix C. Once again, the Tennessee Supreme Court denied petitioner's application for additional review. Docket

1

Entry No. 16-4; Appendix D.

On June 30, 2008, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] In it, the petitioner alleges four claims for relief. These claims include (1) a challenge to the sufficiency of the evidence; (2) the improper use of highly prejudicial evidence against the petitioner; (3) the improper enhancement of petitioner's sentence; and (4) a denial of the petitioner's right to the effective assistance of counsel.

The Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 6) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 15), to which the petitioner has offered no opposition. Upon consideration of respondent's Motion and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

The respondent asserts that this action is not timely. A prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file

---

[1] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). Thus, even though the petition was stamped by the Clerk's Office as being filed on July 1, 2008, the petition is actually considered filed, for the purpose of determining timeliness, on the date that it was submitted to prison officials for posting. In this case, the petitioner avers that his petition was placed in the prison postal system on June 30, 2008. Docket Entry No. 1 at pg. 15. That date, therefore, is used as the date the petition was filed by the petitioner.

his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000).

The petitioner was found guilty on December 4, 2002. The direct review of his conviction by the state courts was concluded on October 4, 2004, the date the Tennessee Supreme Court denied his application for further review. Docket Entry No. 16-2; Appendix B. For the purpose of calculating timeliness, the petitioner's judgment became final ninety days later, on January 2, 2005. Bronaugh, supra.[3] Thus, the petitioner had one year from that date, or until January 2, 2006 in which to initiate the instant action.

After two hundred sixty one (261) days had elapsed, the petitioner filed a petition in the state courts for post-conviction relief.[4] The filing of the petition for state post-conviction relief had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2). The petitioner's post-conviction proceedings concluded in the state courts on March 3, 2008, the date that the Tennessee Supreme

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[3] In the course of his calculations, the respondent failed to take into account the additional 90 days available to the plaintiff through Bronaugh. Thus, the respondent's calculation of the timeliness of the petition is incorrect.

[4] The petitioner filed his post-conviction petition on September 20, 2005. Docket Entry No. 1 at pg. 4. The 261 days are calculated as follows : 1/3/05 - 1/31/05 = 29 days + 2/05 = 28 days + 3/05 = 31 days + 4/05 = 30 days + 5/05 = 31 days + 6/05 = 30 days + 7/05 = 31 days + 8/05 = 31 days + 9/1/05 - 9/20/05 = 20 days.

3

Court denied petitioner's application for additional post-conviction review. Docket Entry No. 16-4; Appendix D. Once the post-conviction proceedings have concluded, the limitation period resumes at the point where it was tolled rather than starting anew. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002). Therefore, the petitioner had 104 days (365 - 261), or until June 15, 2008, in which to initiate this action.[5] The petitioner filed his habeas corpus petition on June 30, 2008, more than two weeks beyond the expiration of the limitation period. Therefore, this action is untimely.

The petitioner anticipated that his petition might be deemed untimely and noted "if untimely equitable tolling applies in that petitioner had not been informed by counsel that his state post-conviction had been concluded and gave petitioner the impression that said state court proceedings were still pending." Docket Entry No. 1 at pg. 14.

The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert denied, 534 U.S. 1057 (2001).[6] The doctrine of equitable tolling, however, should be applied sparingly. *Id.*, at pg. 1008.

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). A habeas petitioner is presumed to have knowledge of the limitation period because it is statutory and the subject of published case law. Allen v. Yukins, 366 F.3d 396, 402 (6th Cir. 2004). The only excuse given for

---

[5] The 104 days are calculated as follows : 3/4/08 - 3/31/08 = 28 days + 4/08 = 30 days + 5/08 = 31 days + 6/1/08 - 6/15/08 = 15 days.

[6] Dunlap involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "...... habeas and all other cases....". Dunlap at 1009.

4

the untimeliness of the petition is the petitioner's assertion that his attorney failed to keep him informed as to when the post-conviction proceedings came to a conclusion in the state courts. But a lawyer's mistake or neglect is not a valid basis for equitable tolling. <u>Jurado v. Burt</u>, 337 F.3d 638, 644-645 (6th Cir. 2003). Thus, to the extent that the petitioner may be attempting to attribute his failure to file a timely petition to some deficiency on the part of his attorney, he has failed to state an appropriate ground for equitable tolling. Consequently, the limitation period was not equitably tolled so as to allow the untimely filing of this action.

Having carefully reviewed the pleadings and the record, the Court finds that this action is untimely. Accordingly, respondent's Motion to Dismiss (Docket Entry No. 15) has merit and will be granted. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge